Federal Complaint: District of Maine

2026 OCT 19 P 3:31

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

Ann Marie Davenport,
Plaintiff,

v.

Walter F McKee esq., Jonathan R Bolton AAG and
Lisa Marchese Dep. Atty general
Defendants.

Case No.: ___________
(To be assigned by Clerk)

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ann Marie Davenport, residing as a citizen in the State of New York, by and through pro se representation, brings this Complaint against the above-named Defendants, alleging severe professional misconduct, fraud, and a civil conspiracy to suppress evidence regarding a police-involved homicide. Plaintiff alleges as follows:

INTRODUCTION AND NATURE OF THE ACTION

1. This is a civil action seeking damages, declaratory relief, and injunctive relief arising from an unconscionable and fraudulent civil conspiracy orchestrated by the Defendants to suppress critical evidence—including video and audio recordings—surrounding a police-involved homicide that resulted in the death of Plaintiff's child.

2. Over a period of five years, Defendants weaponized the profound grief of a bereaved parent, utilizing fraudulent inducement, extreme emotional duress, and professional misconduct to coerce Plaintiff into signing a restrictive, infinite Non-Disclosure Agreement ("NDA") that insulated perpetrators from legal liability and denied Plaintiff meaningful access to the courts.

JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) because Plaintiff asserts claims for violations of federal

constitutional rights under 42 U.S.C. § 1983, specifically the denial of the right of meaningful access to the courts guaranteed by the First and Fourteenth Amendments.

4. This Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction) because there is complete diversity of citizenship between Plaintiff (a resident and citizen of New York) and Defendants (citizens and entities operating in the State of Maine), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, acts, and omissions giving rise to the claims occurred within this judicial district.

PARTIES

6. Plaintiff, Ann Marie Davenport, is an individual and a citizen of the State of New York, and is the grieving parent of the deceased victim of a police-involved homicide in Maine.

7. Defendant, Walter F McKee esq. is an attorney licensed to practice law in the State of Maine, with a principal place of business at 133 State Street, Augusta, Maine.

8. Defendant, Lisa Marchese Deputy Atty General and Jonathan R Bolton AAG is the state executive department/officials tasked with public record oversight and law enforcement review, operating under the laws of the State of Maine.

FACTUAL ALLEGATIONS

9. Within 1 year and 1 month of the tragic, police-involved homicide of Plaintiff's child, while Plaintiff was suffering from severe, disabling grief, Defendant Walter F McKee approached Plaintiff under the guise of legal representation.

10. Defendant, Walter F. McKee esq, explicitly promised Plaintiff that he would provide legal representation in the wrongful death matter, but falsely stated that the only way to obtain the official information and evidence pertaining to the homicide was for Plaintiff to execute a specific Non-Disclosure Agreement ("NDA").

11. Relying on the attorney's false statements, professional status, and promised representation, Plaintiff executed the NDA under extreme duress and without independent legal counsel.

12. The terms of the NDA were inherently unconscionable and against public policy, appointing Defendant Walter F. McKee esq, as the "sole keeper" of the documents covered by the agreement with no termination date, ensuring that any future litigation or access to the records would infinitely have to clear through him.

13. Shortly after obtaining Plaintiff's signature, Defendant Walter F. McKee esq. abandoned the case, refused representation, and actively discouraged outside legal counsel from pursuing litigation on Plaintiff's behalf, effectively isolating Plaintiff.

14. Defendant Walter F McKee esq. falsely assured Plaintiff that "no video evidence" of the

homicide existed, other than one previous recording of Eric approaching a police car to ask if they had heard gunshots and then moving along.

15. Upon later reviewing the material independently, Plaintiff discovered that critical video and audio evidence of the homicide did in fact exist, directly contradicting Defendant Walter F McKee esq's fraudulent representations.

16. In an effort to seek relief from these outrageous terms and expose the truth, a request for the release of documents was submitted to the Maine Attorney General.

17. In response, the Maine Attorney General's Office provided a heavily manipulated, redacted package that omitted key text, withheld vital audio files, and explicitly edited video files to delete the most critical, material content of the homicide.

18. When requested to provide the explicit legal authority or statutory exemptions under which the records were hidden and edited, the Attorney General's Office failed and refused to respond.

19. The joint actions of the Defendants have caused Plaintiff five years of unnecessary, unusual, and extreme emotional distress, while successfully obstructing justice and tolling Plaintiff's ability to timely litigate the underlying homicide.

CAUSES OF ACTION

COUNT I: CIVIL CONSPIRACY

(Against All Defendants)

20. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

21. Defendants entered into a tacit or explicit agreement, combination, and meeting of the minds to suppress, manipulate, and conceal material evidence surrounding a police-involved homicide.

22. Defendants committed overt acts in furtherance of this conspiracy, including the drafting of a fraudulent NDA, the false denial of evidence, the abandonment of legal representation, and the illegal redaction/editing of public records.

23. As a direct and proximate result of this conspiracy, Plaintiff was denied legal recourse and suffered severe emotional trauma.

COUNT II: FRAUDULENT INDUCEMENT & CONCEALMENT

(Against Defendant [Attorney Name])

24. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

25. Defendant [Attorney Name] made material, false representations regarding the necessity of the NDA and the non-existence of video evidence, knowing these statements were false.

26. These statements were made to induce Plaintiff to sign away their rights. Plaintiff

reasonably relied on their attorney's statements to their severe detriment.

COUNT III: DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983
(Against Government/State Actor Defendants)
27. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.
28. Operating under color of state law, Defendants actively concealed and altered evidence to obstruct Plaintiff's constitutional right to access the courts to seek a wrongful death remedy, violating the First and Fourteenth Amendments.

COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)
29. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.
30. Defendants' conduct in weaponizing a parent's grief, falsifying evidence records, and altering a homicide video was extreme, outrageous, and utterly intolerable in a civilized society, intentionally causing severe emotional distress.

PRAYER FOR RELIEF
WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in their favor and against Defendants, granting the following relief:
A. A Declaratory Judgment declaring the Non-Disclosure Agreement void ab initio, unconscionable, and unenforceable;
B. An Order compelling the immediate production of all unredacted, unedited audio, video, and written records regarding the homicide;
C. Compensatory, economic, and punitive damages in an amount to be proven at trial exceeding $75,000;
D. Reasonable attorney's fees and costs, should counsel be retained; and
E. Any other relief this Court deems just and equitable.

DEMAND FOR JURY TRIAL
Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: 10-13-2026 Respectfully submitted,

Ann Marie Davenport, Plaintiff Pro Se
5343 South Hill Rd, Bristol NY 14424
(603) 716-3113
amp9166@gmail.com